IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARSHA CATHERINE CORBETT, Individually
and as Next Friend of Her Minor Daughter,
KELLEY ANN CORBETT,

       Plaintiffs,

v.                                                                           No. CIV 97-1130 MV/RLP

WAL-MART STORES, INC.,

       Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO AWARD ATTORNEYS' FEES**

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Award Attorneys' Fees filed December 16, 1997 **[Doc. No. 15]**. After consideration of the pleadings and the relevant law, the Court finds that Plaintiffs should be awarded reasonable attorneys' fees and costs. However, the Court finds that the amount Plaintiffs request is excessive.

## BACKGROUND

In August of 1994, Marsha Corbett and her daughter Kelley Ann were buying school supplies in Wal-Mart when a wooden ladder fell on Kelley Ann and injured her. Marsha Corbett witnessed her daughter's injuries. On the basis of these facts, the Corbetts filed a complaint against Wal-Mart in New Mexico District Court seeking an unspecified amount of damages.[1] Wal-Mart's counsel subsequently sent a letter and document entitled "Stipulation Regarding Maximum Damages Limitation" ("Stipulation") to Plaintiffs. The Stipulation provided, in

---

[1] While the Complaint did not specify damages sought, pursuant to Second Judicial Local Rule LR2-603, Plaintiffs certified that they sought relief in excess of $15,000 exclusive of punitive damages, interest, costs and attorney fees. *See* Court Annexed Arbitration Certification attached to Defendant's Notice of Removal [Doc. No. 1].

pertinent part, that Plaintiffs:

> [I]n consideration of Wal-Mart Stores, Inc. foregoing and otherwise giving up its right to have this matter tried in the United States District Court pursuant to the provisions of 28 U.S.C. § 1332, 1441 and 1446, hereby stipulate and agree that the maximum Plaintiffs will seek at trial, or in any mediation or arbitration, against Wal-Mart Stores, Inc., or any of its agents, associates, or employees, shall be limited to a maximum of $74,999.99, inclusive of all costs, fees and other allowable expenses; and, that any verdict or award, inclusive of all costs, fees and other allowable expenses, in excess of that amount which might be returned or entered following the trial of this matter will be reduced by Plaintiffs pursuant to the terms of this Stipulation to the maximum total amount of $74,999.99, inclusive of all costs, fees and other allowable expenses.

Stipulation Regarding Maximum Damages Limitation, attached as Exhibit A to Brief in Support of Plaintiffs' Motion to Remand, at p. 3. Plaintiffs' counsel mailed a letter to Defendant the next day stating that "we evaluate each Mrs. Corbett and young Kelley Corbett's claims at amounts not exceeding $74,999.99 each. Your proposed stipulation, is however, unsatisfactory." August 12, 1997 Letter, attached as Exhibit B to Brief in Support of Plaintiffs' Motion to Remand.

Subsequent communication between the parties apparently debated the appropriateness of aggregating Plaintiffs' claims to meet the jurisdictional requirements of federal court. In a letter dated August 20, 1997, Plaintiffs' counsel stated "As we discussed, I have looked into two points. First, it is clear to us that claims may not be aggregated to meet diversity amount in controversy. Second, we are uncomfortable at this point in answering your question (which we deem to be immaterial under the true aggregation law) about whether both claims, added together, are less than or more than $75,000.00." August 20, 1997 Letter, attached as Exhibit C to Brief in Support of Plaintiffs' Motion to Remand.

On August 22, 1997, Defendant Wal-Mart filed for removal pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446. In its Notice of Removal, Defendant made two statements in

support of its assertion that the requisite amount in controversy existed: (1) Plaintiff refused to stipulate with Defendant that Plaintiff's damages are less than $75,000.00; (2) Defendant is unable to reasonably determine the amount in controversy. Defendant concluded that "Based on its investigation to date and the unwillingness or inability of Plaintiff's attorneys to stipulate that the amount in controversy is less than $75,000, Defendant asserts that the matter in controversy exceeds the sum of $75,000...." Notice of Removal at ¶ 8. It is clear from the Notice of Removal that Defendant aggregated Plaintiffs' claims to meet the minimum jurisdictional requirement.

On September 22, 1997, Defendant Wal-Mart sent Plaintiffs' counsel a letter in which Wal-Mart agreed to remand this matter to state court if Plaintiffs would enter into a stipulation limiting their individual damages to $74,999.99 apiece. Plaintiffs' counsel stated in his response that "Plaintiff's counsel have already made abundantly clear that their good faith assessment of each of the Corbett claims is such that they will not exceed $75,000 a piece [sic]. However, Plaintiffs are not require [sic] to cap litigation in the state court below, which you have called upon us to do." September 22, 1997 Letter, attached as Exhibit 2 to Defendant Wal-Mart Stores Inc.'s Response to Plaintiffs' Motion to Remand.

On October 6, 1997, Plaintiffs filed a Motion to Remand alleging that Wal-Mart's removal was improper because aggregation of claims was not appropriate in this case and Plaintiffs' good faith evaluation of their separate claims at less than $75,000.00 was controlling on the issue of the amount in controversy.

In an Order issued November 20, 1997, the Court found that Plaintiffs' claims could not be aggregated for purposes of meeting the amount in controversy requirements and that Defendant failed to state sufficient facts on the face of the removal notice to support its allegation

that Plaintiffs' claims meet the minimum jurisdictional requirements.  Based on these findings, the Court was without subject matter jurisdiction and remanded the matter back to the Second Judicial District Court, Bernalillo County, State of New Mexico.  Pursuant to 28 U.S.C. § 1447, the Court ordered that Defendant pay Plaintiffs' reasonable costs and expenses, including attorneys' fees, incurred as a result of the removal.

Pursuant to the November 20, 1997 Order, Plaintiffs filed the instant Motion to Award Attorneys' Fees in the amount of $6,032.47.  Defendant's Response objects to the award of any fees as well as the amount of fees requested by Plaintiffs.

I.  Appropriateness of Award of Fees and Costs

Defendant makes several meritless argument on why fees should not have been awarded. Defendant argues that it had a good faith belief that the amount in controversy exceeded the jurisdictional amount based on Plaintiffs'' refusal to stipulate that each Plaintiff's damages were less than $75,000 as well as the fact that this was an unsettled question of law at issue.

In its November 17, 1997 Order, the Court noted that the Supreme Court has long held that the "separate and distinct claims" of two or more plaintiffs may not be aggregated to satisfy the jurisdictional amount. *See Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294 (1973)"[W]hen two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount . . ..").  Aggregation is proper only in the limited situation where two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.  *Snyder v. Harris*, 394 U.S. 332, 335 (1969).  The fact that claims arise from the same occurrence is an insufficient justification to allow aggregation for purposes of meeting amount in controversy requirements.

*See Aetna Ins. Co. v. Chicago, Rock Island and Pacific R.R. Co.,* 229 F.2d 584, 586 (10th Cir. 1956) (stating that unless the plaintiffs are suing over a "single title or right in which they have an undivided interest" their claims could not be aggregated even if they had "a common basis of fact and law . . ..").

Defendant did not mention on the face of its removal notice that it was aggregating the claims of both Plaintiffs.  Furthermore, in its response to Plaintiffs' motion to remand, Defendant Wal-Mart's entire argument in defense of aggregation consisted of one sentence stating that "[t]he Tenth Circuit has never ruled on whether a defendant may aggregate the claims of a parent suing individually and on behalf of her child in order to meet the jurisdictional minimum."  Response at 1.  Defendant did not attempt to distinguish the parent/child suit from other situations covered under the Supreme Court precedent cited above and did not offer any case law or legal argument in support of aggregation in this context.  Notably, the two cases the Court found addressing this issue both held that when a parent sues on her own behalf and on behalf of her minor child, the claim of the parent and the claim of the child must separately satisfy the jurisdictional minimum requirement.  *See Payne v. State Farm Mutual Automobile Insurance Co.*, 266 F.2d 63, 65 (5th Cir. 1959); *Oxman v. Hellene Pessl Inc.*, 279 F.Supp. 65 (S.D. N.Y. 1968).

The Court noted in its November 20, 1997 Order that courts differ on what burden of proof a removing defendant must bear in demonstrating the amount in controversy requirement of diversity jurisdiction where, as here, the plaintiff has made an unspecified demand for damages in state court.  Regardless of the appropriate burden, however, the Tenth Circuit requires a removing defendant in this situation to establish the requisite amount in controversy and the existence of diversity on the face of the removal notice.  *Laughlin v. Kmart Corp.,* 50 F.3d 871,

873 (10th Cir. 1995) (holding that the "amount in controversy is ordinarily determined by the allegations of the complaint, or where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting [the] assertion that the amount in controversy exceeds [the jurisdictional amount]."). "In other words, a removing defendant must set forth specific facts [in the removal notice] which form the basis of its belief that there is more than [$75,000] at issue in the case." *Barber v. Albertsons, Inc.*, 935 F. Supp. 1188, 1192 (N. D. Okla. 1996).

In its Notice of Removal, Defendant based its assertion that the jurisdictional amount existed on the fact that Plaintiffs' refused to enter into a stipulation which limited any potential state award on both claims combined to less than $75,000.00 and on the allegation that Defendant was unable to determine the amount in controversy. Defendant cited no case law to support its argument that failure to enter into a stipulation capping all potential damages to less than the jurisdictional minimum of federal court was sufficient to establish that the amount in controversy exceeded the jurisdictional minimum. Nor did Defendant make any argument, colorable or otherwise, in support of this contention. The unwillingness of a plaintiff to sign a restrictive stipulation, standing alone, does not affirmatively establish that the amount in controversy exceeds the minimum requirement for purposes of diversity jurisdiction. *See, Barber*, 935 F. Supp. at 1191. Similarly, Defendant's allegation that it was unable to determine the amount in controversy does not support the conclusion that the amount in controversy is at least $75,000.00, particularly when Plaintiffs have consistently maintained that they believe each claim is worth less than $74,999.99. Defendant failed to establish the requisite amount in controversy on the face of the removal notice.

Defendant's Notice of Removal failed to set forth sufficient facts to support its allegation that the requisite jurisdictional amount was at issue in this case.  Not only did Defendant have inadequate grounds to support removal, its removal petition and brief utterly failed to offer any argument in support of its assertions that removal was proper.  Under these circumstances, 28 U.S.C. § 1447(c) allows the Court sole discretion to determine if an award of expenses is justified.  The Court has previously found that an award of expenses is justified and none of the arguments stated in Defendant's current brief alters that decision.

II.  Reasonable Costs and Expenses

The relevant statute provides that an order remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  While the Court finds that costs and expenses are justified, the costs and expenses claimed by Plaintiffs are excessive.

**1. Hours Reasonably Expended**.  To determine the hours Plaintiffs reasonably expended pursuing this action, the Court must examine the reasonableness of total time reported by counsel and the time allotted to specific tasks.  *Ramos v. Lamm*, 713 F.2d 546, 553-54 (10th Cir. 1983). "It does not follow that the amount of time actually expended is the amount of time reasonably expended." *Ramos*, 713 F.2d at 553 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891(D.C. Cir. 1980) (en banc)).  To satisfy this burden, "[p]laintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended, but at least counsel should identify the general subject matter of his time expenditure." *Hensley*, 461 U.S. at 437 n.12. However, "the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended [and] the nature and need for the service . . . ."

*Id*. at 441 (Burger, C.J., concurring).  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  *Id*. at 434; *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d at 324 (court may reduce number of hours awarded if documentation is vague or incomplete).

   Mr. Bobbitt reports that he expended a total of 10.3 hours, incurring a total of $1,634.80 in expenses, due to Defendant's improper removal of this case.  Mr. Bobbitt's time records, however, make it extremely difficult for the Court to evaluate the nature of and need for the time expended.  Were the Court to analyze each item recorded on counsel's time record, counsel's recorded hours would have to be reduced substantially.  For example, counsel's numerous telephone conferences with P. Snyder, S. School, and letters to S. School and D. Jaramillo would be disallowed because there is no explanation as to who these people are and why counsel spoke to them.   Other entries, such as those listed as "Pre-Trial Order" and "Review Remand Motion Materials," are simply too vague and prevent the Court from being able to determine if the time was reasonably expended.  Furthermore, Mr. Bobbitt's time records are not contemporaneously recorded but are reconstructed with estimates of both dates and time expended.

   For the above-stated reasons, a reduction of time is warranted.  Rather than disallow hours on an item by item basis, the Court, after determining the reasonable hourly rate to award counsel, will reduce the total requested fee by 35% to account for the vagueness of Plaintiff's time records.  *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) (finding that district court was not required to "identify and justify each disallowed hour" and instead may make a general reduction of hours) (citations omitted); *Jane L. v. H. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (affirming district court's reduction of compensable hours by

35%, in part, for "sloppy and imprecise" time records).

The Court also notes that the 1.5 hours billed to write three very brief letters is excessive. However, given the 35% reduction imposed by the Court for vague and imprecise time records, the Court does not find that any further reduction is necessary.

Mr. Snyder's affidavit reveals that he spent 31.97 hours defending Defendant's improper removal of this case. As Mr. Snyder bills in lump time and does not identify the amount of time spent on each discrete task, it is impossible for the Court to determine the exact amount of time Mr. Snyder spent on each reported task. However, Mr. Snyder's time records reveal that approximately 27.54 hours were spent researching the jurisdictional issue and drafting the motion to remand and reply. This amount of time is clearly excessive. The motion to remand was four pages long and cited six cases. The reply was less than three pages in length and cited only one case. The Court finds that spending 27.54 hours to research and write the brief motion and reply submitted in this case is unreasonable and will be reduced by 40%.

**2. Reasonable Hourly Rate**. "The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge in the area." *Ramos*, 713 F.2d at 555. The Court should use "prevailing market rates in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 & n. 11; *see also Beard v. Teska*, 31 F.3d 942, 956-97 (10th Cir. 1994). The attorney's customary rate is a relevant but not conclusive factor. *Ramos*, 713 F.2d at 555. The Court must not determine a "just" or "fair" price, but rather determine what the attorney would receive if he were billing a paying client rather than being paid by court order.

Mr. Bobbitt's requested hourly rate is $150.00.  Mr. Bobbitt offers no support for his requested hourly rate and does not provide the Court with any information on his skills or experience.  While Defendant does not dispute the requested rate, with this limited information, it is difficult for the Court to determine if this is a reasonable rate for an attorney of Mr. Bobbitt's skill and experience.  The Court, therefore, will reduce this rate to $130.00 per hour--a rate consistent with rates previously awarded by the Court for attorneys with limited skill and experience.

Mr. Snyder requests that he be compensated at the rate of $130.00 per hour.  In support of this rate, Mr. Snyder submits an affidavit declaring that this is his customary and regular billable hourly rate but did not provide the Court any information on his skills or experience.  Defendant, however, does not propose an alternative rate or provide any evidence to rebut the rate requested by Mr. Snyder.  The Court finds that Mr. Snyder's requested rate of $130.00 per hour is reasonable and is consistent with rates previously awarded by the Court for attorneys with limited skill and experience.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Award Attorneys' Fees **[Doc. No. 15 ]** is **GRANTED** in part.  Defendant shall pay Plaintiffs' attorneys' fees plus interest and taxes as set forth in Appendix A to this opinion.

                                               MARTHA VÁZQUEZ
                                               UNITED STATES DISTRICT JUDGE

Philip Craig Snyder, Attorney for Plaintiff Marsha Catherine Corbett

Wesley Reid Bobbitt, Attorney for Plaintiff  Kelley Ann Corbett

Steven S. Scholl and David J. Jaramillo, Attorneys for Defendant Wal-Mart Stores, Inc.

## APPENDIX A

**Wesley Reid Bobbitt, Esq.**

| | |
|---|---|
| Hours Expended | 10.3 |
| X | |
| Approved Rate | $130.00 per hour |
| Total Fees Requested | $1,339.00 |
| Less: | - $ 468.65   (35% Reduction for Vagueness) |
| **Total Fees Awarded** | **$   870.35** |

**Philip Craig Snyder, Esq.**

| | |
|---|---|
| Hours Expended | 31.97 |
| Less | - 11.02   (40% reduction in time spent researching and writing motion and reply) |
| Compensable Hours | 20.95 |
| X | |
| Approved Rate | $130.00 per hour |
| **Total Fees Awarded** | **$2,723.50** |

**TOTAL FEES AWARDED:**
    Mr. Bobbitt    $  870.35
    Mr. Snyder    $2,723.50

                  **$3,593.85**

(The attorneys are to add applicable gross receipts tax. Interest at 5.232% is awarded from the date of this Order until paid.)